IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

SITU JUN,                          :

    Petitioner,                    :

vs.                                :
                            CIVIL ACTION No. 07-00695-KD-B
                              :

DAVID O. STREIFF, *et al.*,        :

    Respondents.                   :

                              :

## REPORT AND RECOMMENDATION

Situ Jun, a native of the People's Republic of China, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Jun is no longer in ICE custody, having been repatriated to his native country on September 28, 2007.

## I.  FINDINGS OF FACT

1. Jun acknowledges that he is a native and citizen of the People's Republic of China, that he entered the United States via San Francisco, California on July 6, 1995, and that he was ordered removed from the United States on March 26, 2007. (Doc. 1, p. 3-4). According to his petition, Jun was taken into ICE custody after the

completion of his criminal sentence and subsequent release from the Metropolitan Correctional Center in New York on February 23, 2007.[1] Jun did not appeal his final order of removal to the Board of Immigration Appeals. (Id.)

2.    On October 1, 2007, Jun filed the instant petition for writ of habeas corpus[2].   Jun argues that his continued detention by ICE violates the provisions of 8 U.S.C. 1231(a)(6) as interpreted by the United States Supreme Court in <u>Zavydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001). (Doc. 1, p. 6). Jun does not contest the order of removal, but instead seeks immediate release from custody and an order enjoining Respondents from any further unlawful detention of his person. (Id. at 8).   According to Jun, he has completed the requisite documents; however, the Government has been unable to remove him to the People's Republic of China.

3.    Respondents filed a response to Jun's petition on November 6, 2007, wherein they advised that Jun was removed from the United States and repatriated to his native country on September 28, 2007. (Doc. 4).

---

[1]Jun's petition does not make clear the offense for which he was convicted.(Doc. 1).

[2]Although Jun's petition was received by the Court on October 1, 2007, it is not clear when he signed and mailed the petition.  The petition is undated, and the Respondent has provided documentation reflecting that Jun was deported to China via a Continental Airlines flight originating from Newark, New Jersey on September 28, 2007 (Doc. 4, Ex. 1), which is before the petition was received by the Court.

**II.        CONCLUSIONS OF LAW**

1.    "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006).   Where, as here, a § 2241 petitioner has been released from federal custody and repatriated to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. See id.

2.    The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).   Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242.   Put another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."   Therefore, "[i]f

3

events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." <u>Id.</u> (internal citations omitted).

3.   Several district courts have determined that once an alien § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention and ICE custody becomes moot as "there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1." <u>Gauchier v. Davis</u>, 2002 WL 975434, *2 (E.D. La. 2002); <u>see</u> <u>Camara v. INS</u>, 2007 U.S. Dist. LEXIS 2465 (S.D. Ala.); <u>Xing Hai Liu v. Ashcroft</u>, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); <u>Malainak v. Immigration & Naturalization Service</u>, 2002 WL 220061 (N.D. Tex. 2002) (§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

4.   Much like the above-styled cases, this case has become moot. This Court can no longer grant Petitioner the relief requested in his petition, namely his immediate release from ICE's custody pending his removal to China, because that relief has already been afforded him. (<u>See</u> Doc. 4).  Because there is nothing to remedy even if this Court were disposed to do so, Jun's petition for

4

habeas corpus relief is now moot and should thus be dismissed without prejudice. <u>Soliman</u>, supra, 296 F.3d at 1243, quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

**III. CONCLUSION**

The undersigned Magistrate Judge recommends that Jun's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **14th** day of **November, 2007.**

<u>      /s/ SONJA F. BIVINS      </u>
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<u>      **/s/ SONJA F. BIVINS**      </u>
**UNITED STATES MAGISTRATE JUDGE**